**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1191
_____

KIRUBANESAM ANANDARAJAH,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA.

Respondent
_____

On Petition for Review from an Order of the
Board of Immigration Appeals
(BIA-1 : A097-304-239)
Immigration Judge:  Hon. Annie S. Garcy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 11, 2013

BEFORE:  FUENTES, COWEN, and BARRY,  Circuit Judges

(Filed: October 23, 2013)
_____

OPINION
_____


COWEN, Circuit Judge.

Kirubanesam Anandarajah petitions for review of a decision of the Board of Immigration Appeals ("BIA") dismissing her appeal from the decision of the Immigration Judge ("IJ"), which, in turn, denied her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We will deny the petition for review.

I.

Anandarajah is a native and citizen of Sri Lanka and an ethnic Tamil. She applied for asylum, withholding of removal, and CAT relief, claiming persecution by the Sri Lankan government as well as the Liberation Tigers of Tamil Eelam ("LTTE").

The IJ rejected the application. According to the IJ, Anandarajah lacked credibility because she "has changed her testimony on a matter that goes to the heart of her claim—her eligibility for relief or whether she is barred under the material support bar that renders ineligible for asylum or withholding those who provided material support to terrorists." (AR119.) The BIA adopted and affirmed the IJ's decision, explaining that the IJ appropriately relied on material inconsistencies and discrepancies in making an adverse credibility determination against Anandarajah.

II.

The adverse credibility determination at issue in this matter was based on inconsistencies regarding who paid money to the LTTE, i.e., either Anandarajah (and her husband, Julian Rajanayagan Anandarajah) or Anandarajah's father-in-law.[1] There was

---

[1] We have jurisdiction over this petition for review pursuant to 8 U.S.C. § 1252.

substantial evidence in the record to support the specific administrative findings of inconsistencies regarding these LTTE payments as well as the rejection by the BIA and the IJ of Anandarajah's attempts to explain or otherwise reconcile such discrepancies. In short, Anandarajah testified at her asylum hearing that her father-in-law was the one who actually paid the LTTE. However, she previously indicated in her own case, in her husband's unsuccessful asylum proceeding, and in her failed attempt to obtain asylum in Canada that it was her own husband—and Anandarajah herself—who made the payments. The IJ likewise did not commit any reversible error by tailoring the hearing to Anandarajah's own claims of persecution rather than her husband's claims. After all, this Court denied the husband's petition for review because, among other things, "the IJ had substantial evidence to determine that [the various inconsistencies in the husband's testimony at his asylum hearing as well as the applications he filed in Canada and the United States], taken together, suggest [his] testimony was not credible and that they go to the heart of his claim." Anandarajah v. Attorney General, 258 F. App'x 495, 497 (3d

---

We review the BIA decision as well as the decision by the IJ to the extent that the BIA adopted it. See, e.g., Jarbough v. Attorney General, 483 F.3d 184, 191 (3d Cir. 2007). Agency credibility determinations are reviewed for substantial evidence. See, e.g., Yusupov v. Attorney General, 650 F.3d 968, 989 (3d Cir. 2011). Under that deferential standard of review, this Court must uphold the agency's finding "'unless any reasonable adjudicator would be compelled to conclude to the contrary.'" Chukwu v. Attorney General, 484 F.3d 185, 189 (3d Cir. 2007) (quoting 8 U.S.C. § 1252(b)(4)(B); Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir. 2003) (en banc)). "In making an adverse credibility finding, the IJ must supply specific, cogent reasons why the applicant is not credible." Id. (citing Gabuniya v. Attorney General, 463 F.3d 316, 321 (3d Cir. 2006)). For asylum applications filed prior to May 11, 2005, the inconsistencies also must be "related to facts at the heart of the claim." Id. (citing Gabuniya, 463 F.3d at 322). Anandarajah's application was filed in 2004.

Cir. 2007) (citations omitted). As we observed, the husband stated at his hearing that "he gave the LTTE money because the LTTE asked him for money." Id. "However, he also testified that he personally never gave the LTTE any money; his father was the only one who did as the head of the family." Id. With respect to Anandarajah's contention that this prior adverse credibility determination improperly influenced the decision-making process in her own case, the BIA appropriately noted that the IJ's decision referred only once to the husband's testimony in its actual credibility discussion and that this reference could have been removed from the decision without affecting the outcome.

Anandarajah contends that any discrepancy as to who paid the money to the LTTE did not go to the heart of her claim because the payments were made under duress and the material support bar is subject to a duress exception. Aliens who have engaged in terrorist activity are ineligible for asylum and withholding of removal. 8 U.S.C. §§ 1158(b)(2)(A)(v), 1182(a)(3)(B)(i)(I), 1231(b)(3)(B), 1227(a)(4)(B). The term "engage in terrorist activity" includes the commission of "an act that the actor knows, or reasonably should know, affords material support, including . . . funds, transfer of funds or other material financial benefit," 8 U.S.C. § 1182(a)(3)(B)(iv)(VI), and it is uncontested that the LTTE was a terrorist organization. We need not—and do not— decide at this time whether there is a duress exception to this material support bar because, in any event, the inconsistencies went to the heart of Anandarajah's claim for relief. As the BIA noted, the IJ considered Anandarajah's statements about her father-in-law paying the LTTE as "attempts to distance herself from having provided money to the

4

LTTE in the past." (AR120.) In other words, she evidently minimized statements she made in the past that either could have triggered a statutory bar or could have made her look less sympathetic and deserving of relief as an individual who actually provided financial support to terrorists (whether under duress or not).[2] See Lin v. Attorney General, 543 F.3d 114, 127 (3d Cir. 2008) ("Courts have recognized that 'attempts by the applicant to enhance his claims of persecution' go to the heart of a petitioner's claim for relief." (quoting Sarr v. Gonzales, 485 F.3d 354, 360 (6th Cir. 2007); Damaize-Job v. INS, 787 F.2d 1332, 1337 (9th Cir. 1986))).

### III.

For the foregoing reasons, we will deny Anandarajah's petition for review.

---

[2] Because we conclude that the BIA and the IJ committed no reversible error with respect to the adverse credibility determination, we do not consider their alternative determination that Anandarajah failed to establish that the harm she may have suffered was sufficiently severe to constitute persecution. Furthermore, Anandarajah has waived her CAT claim as well as any claim of a pattern or practice of persecution by failing to address such theories of relief in a meaningful fashion in her appellate brief. See, e.g., Khan v. Attorney General, 691 F.3d 488, 495 n.4 (3d Cir. 2012) (noting that issue is waived if not raised in opening brief and that passing reference to issue is insufficient).

5